# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BENSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security  )<br>Administration,  )<br>)<br>Defendant.  ) | Case No. CIV-15-428-HE |

## REPORT AND RECOMMENDATION

Plaintiff Robert Benson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 12, hereinafter "R. _"). The parties have briefed their positions, and the case is ready for decision. For the reasons that follow, the Commissioner's decision should be reversed and the case remanded.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed his SSI application on December 2, 2011, alleging disability because of right-knee pain, depression, anxiety, and anger issues and an onset date of June 22, 2007.

R. 78, 135-40, 165, 169.[1] Following denial of Plaintiff's application initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on December 10, 2013. R. 25-69, 70-71, 72-79. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 31-55, 56-66. The ALJ issued an unfavorable decision on January 31, 2014. R. 10-19.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2, 2011. R. 12. At step two, the ALJ found that Plaintiff had "the following severe impairments: osteoarthritis in the right knee with pain, major depressive disorder-moderate-recurrent, generalized anxiety disorder, social anxiety disorder, avoidant personality disorder, agoraphobia with panic disorder and schizoid personality disorder." R. 12-13. At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* R. 13-15.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his impairments. *See* R. 15-17. The ALJ found that Plaintiff could perform "sedentary work" but specified that Plaintiff must avoid kneeling, crouching, crawling, exposure to small, closed-in spaces, or working around hazardous conditions such as unprotected heights, open flames, and dangerous machinery or equipment. R. 15 (citing 20 C.F.R. §

---

[1] With the exception of the administrative record, references to documents electronically filed by the parties use the page numbers assigned by the Court's ECF system.

416.967(a)). The ALJ also found that Plaintiff's "severe mental impairments . . . limited [him] to jobs that do not require contact with the general public, and only require that the person understand, remember and carry[ ]out simple instructions and perform only unskilled work consisting of simple and routine tasks." R. 15. Applying this RFC assessment, the ALJ found at step four that Plaintiff could not perform his past relevant work as a retail stocker. R. 18.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. *See* R. 18-19. Relying on the VE's testimony concerning the degree to which Plaintiff's "additional limitations" eroded the unskilled, sedentary occupational base, the ALJ concluded that Plaintiff was "capable of making a successful adjustment to other work that exits in significant numbers in the national economy," such as semiconductor bonder, circuit-board "assembly," and clerical mailer. *See* R. 18-19. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 19. The Appeals Council declined to review that decision, R. 1, and this appeal of the Commissioner's final decision followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

Plaintiff first argues that the ALJ committed reversible error because he "never discussed the possibility" that Plaintiff was within a "borderline age situation" on the date the ALJ issued his decision, and that it is "unclear" from that decision whether the ALJ properly applied the correct legal standards in this case. *See* Pl.'s Br. (Doc. No. 14) at 11. The undersigned agrees, and therefore elects not to address Plaintiff's other argument challenging the ALJ's RFC determination. Pl.'s Br. at 11-15; *see Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

4

*A.     Governing Law*

At step five of the sequential evaluation, "the Commissioner ha[s] the burden of showing [that Plaintiff] could perform other work that exists in the national economy" given his age, education, work experience, and RFC. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998); *see also* 20 C.F.R. §§ 416.920(a)(4)(v), .960(c)(2). The relevant regulations detail three "age categories" to help agency adjudicators determine what role the claimant's age should play in a step-five disability determination or decision:

- Younger person. If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work. . . . .

- Person closely approaching advanced age. If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.

- Person of advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work.

20 C.F.R. § 416.963(c)-(e); *see also Byers v. Astrue*, 506 F. App'x 788, 790 (10th Cir. 2012) (noting that "[t]he different age categories have distinct consequences" for determining a claimant's ability to adjust to other work (citing 20 C.F.R. § 416.963)); SSR 83-10, 1983 WL 31251, at *8 (Jan. 1, 1983).

For an ALJ reviewing an SSI application, the relevant "period" for which disability must be determined begins on the date that the application was filed and ends on the date that the written decision is issued. *See* 20 C.F.R. §§ 416.330, .335. The ALJ "will use each of the age categories that applies" during this period. *Id.* § 416.963(b).

5

Thus, the ALJ must make findings regarding a claimant's age during this period and which age category to apply. *See id.* §§ 416.120(c)(4), .963(a)-(b); SSR 83-10, 1983 WL 31251, at *8; 20 C.F.R. pt. 404, subpt. P app. 2 § 200.00(c); *cf. Daniels*, 154 F.3d at 1133 n.5, 1134 (noting that a claimant's age and the ALJ's choice between age categories are "necessary factual finding[s]" on which the Commissioner bears the burden of proof under § 404.1563). "Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence" in the record, *Daniels*, 154 F.3d at 1136, and reached by applying the correct legal rules or standards, *see Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987) ("There are specific rules of law that must be followed in deciding whether evidence is substantial in these disability cases. The failure of the ALJ . . . to follow certain of these rules is reversible error.").

Because a change in a claimant's age category can trigger a different disability determination, the regulations direct that an ALJ "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). "If [the claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a . . . decision that [the claimant is] disabled," then the ALJ "will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." *Id.*

There are "[n]o fixed guidelines" for determining "when a borderline situation exists" because "such guidelines would themselves reflect a mechanical approach." SSR 83-10, 1983 WL 31251, at *8. Tenth Circuit authority is similarly "fluid on establishing

how close to the next age category a claimant must be to be placed in that category." *Nugent v. Colvin*, No. CIV-13-253-KEW, 2014 WL 4854733, at *2 (E.D. Okla. Sept. 30, 2014); *see, e.g.*, *Byers*, 506 F. App'x at 791 (finding that "a five-and-a-half month gap" presented a "potential borderline situation"); *Daniels*, 154 F.3d at 1133 ("[S]ixty-five days short of the advanced age category . . . does fall within the borderline situation."); *Lambert v. Chater*, 96 F.3d 469, 470 (10th Cir. 1996) (holding that a claimant "seven months short of the next category" "did not fall within a borderline situation").

One bright line, however, is that an ALJ faced with a "potential borderline situation" must at least "reach that issue" in his or her written decision.[2] *Byers*, 506 F. App'x at 791 (citing *Daniels*, 154 F.3d at 1133-34, 1133 n.5). The failure to do so is reversible legal error if the reviewing court "cannot tell whether the ALJ would have reached the same result" had he or she considered using the older age category in the claimant's case. *Byers*, 506 F. App'x at 791; *see, e.g.*, *Noteware*, 2011 WL 3651295, at *1, *5-6.

---

[2] The ALJ must "determin[e] which of the categories on either side of the borderline best describes" the claimant even when the ALJ uses the "Grid Rules" (20 C.F.R. pt. 404, subpart P app. 2) as a "framework" at step five. *Noteware v. Astrue*, No. CIV-10-912-HE, 2011 WL 3651295, at *5 (W.D. Okla. July 18, 2011) (R. & R.) (rejecting the Commissioner's argument that because the ALJ relied on a VE's testimony at step five, and the VE "was aware of Plaintiff's age" when he identified occupations that the claimant could perform, the ALJ made no error in applying the age categories to claimant who was "four months away from his fiftieth birthday" (citing *Baker v. Chater*, No. 95-7001, 1995 WL 656987, at *2 (10th Cir. Nov. 8, 1995))), *adopted*, 2011 WL 3652255 (W.D. Okla. Aug. 18, 2011); *see also Byers*, 506 F. App'x at 790 & n.1.

7

*B.    Discussion*

The ALJ concluded that Plaintiff "had not been under a disability . . . since December 2, 2011, the date the application was filed," because he could "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy," such as semiconductor bonder, circuit-board assembly, and clerical mailer. *See* R. 18-19.  His written decision contains the following relevant findings:

- Plaintiff "was born on June 5, 1964 and was 47 years old, which is defined as a younger individual age 45-49, on the date the application was filed."

- The "additional limitations" in Plaintiff's RFC impeded his ability to "perform the full range of [unskilled,] sedentary work."

- Plaintiff "has at least a high school education and is able to communicate in English."

- Plaintiff "has past relevant work experience as a retail stocker (Medium exertion, unskilled, SVP 2, DOT # 920.687-014)."

- "Transferability of job skills" was immaterial to the disability decision because using Grid Rule 201.21 "as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [he] has transferable job skills."

R. 18 (citing 20 C.F.R. §§ 416.963, .964, .965, .969; *id.* pt. 404, subpt. P app. 2 § 201.21; SSR 82-41, 1982 WL 31389 (Jan. 1, 1982)).

The parties agree that the ALJ was required to evaluate Plaintiff's claim of disability under each of the age categories that applied between the application date (December 2, 2011) and the date of the decision (January 31, 2014).  *See* Pl.'s Br. at 9; Def.'s Br. (Doc. No. 20) at 11.  On the latter date, Plaintiff was 49 years, 7 months, and 26 days old—i.e., four months and four days from the threshold between the "younger

person" category and the "closely approaching advanced age" category. R. 18-19; *see* 20 C.F.R. §§ 416.120(c)(4), .963(c), (d).

Plaintiff argues that remand is required because the ALJ "never discussed the possibility of a borderline age situation and it [is] unclear from his decision whether he was even aware of the potential borderline age situation presented in this case." Pl.'s Br. at 11. Plaintiff also asserts that the ALJ's error was not harmless because Grid Rule 201.12 would have directed a finding of "disabled" had the ALJ applied the older age category in Plaintiff's case. *See* Pl.'s Br. at 9-11. The Commissioner does not dispute either point. *See generally* Def.'s Br. at 7-11. Instead, she responds that "the ALJ was keenly aware of Plaintiff's age" and that "the ALJ was not required to provide a more detailed analysis" of that issue because his "decision [was] consistent with the regulatory scheme."[3] *See* Def.'s Br. at 8. The Commissioner's argument explicitly assumes that Plaintiff's "age, in fact, [was] not borderline" because "a gap of four months" by definition is not "a few days to a few months." *See* Def.'s Br. at 8, 9, 10.

As an initial matter, the ALJ's decision gives no indication that he considered Plaintiff's age *on the date of the decision* when choosing which age category to apply at

---

[3] The Commissioner also asserts that "[t]he Commissioner has discretion as to determine when a situation is 'borderline'" and that the ALJ "did not abuse his discretion by electing to not apply the 'closely approaching advanced age (age 50-54) category'" in Plaintiff's case. Def.'s Br. at 7, 8. In this circuit, determining whether a claimant falls within a borderline situation is a reviewable decision. *See Byers*, 506 F. App'x at 791; *Daniels*, 154 F.3d at 1133-34, 1133 n.5. Thus, "[w]hile the ALJ has the discretion to find that an older age category should not be used, he must evaluate the borderline age situation—by determining which of the categories on either side of the borderline best describes Plaintiff—and make a reviewable finding." *Noteware*, 2011 WL 3651295, at *5 (citing *Daniels*, 154 F.3d at 1133 n.5).

9

step five. *See Byers*, 506 F. App'x at 791; 20 C.F.R. §§ 416.330(a), .335, .963(a)-(b). The only language relevant to Plaintiff's age in the ALJ's decision reflects the ALJ's finding that Plaintiff "was born on June 5, 1964 and was 47 years old, which is defined as a younger individual age 45-49, *on the date the application was filed*." R. 18 (emphasis added). Perhaps, as the Commissioner suggests, the ALJ was "keenly aware" that Plaintiff was, on the final day of the relevant period, four months and four days short of changing from a Younger Person to a Person Closely Approaching Advanced Age under the regulation. *See* Def.'s Br. at 8; 20 C.F.R. § 416.963(c), (d). But the Court simply cannot tell and may not so presume. *See Byers*, 506 F. App'x at 791 (stating, with regard to a similar finding, that "the only language in the [ALJ's] decision that appears to reach that issue applies the wrong age").[4]

More pointedly, the ALJ's decision gives no indication that the ALJ properly considered whether the four-month-and-four-day gap at issue here was a "borderline"

---

[4] The Commissioner attempts to distinguish *Byers* because that case involved an application for disability insurance benefits ("DIB"), whereas Plaintiff's case involves only an application for SSI. *See* Def.'s Br. at 10-11 (citing SSR 83-10, 1983 WL 31251, at *8; 20 C.F.R. § 416.335). *Byers* actually involved applications for both DIB and SSI, and the Tenth Circuit expressly cited the SSI regulation, 20 C.F.R. § 416.963(b), when explaining the ALJ's obligation to adequately "address" potential borderline situations before issuing a step-five disability decision. *See Byers*, 506 F. App'x at 789, 790-91. The *Byers* court held that the ALJ committed reversible error in that case because the ALJ appeared to choose an age category based on the claimant's age at the *beginning* of the relevant period rather than on the claimant's age(s) *during* that period—including the date on which the ALJ issued his decision—without explicitly recognizing that the claimant was roughly five months short of the next age category when the ALJ issued his decision. *Byers*, 506 F. App'x at 791 (noting that the ALJ "applie[d] the wrong age" when choosing the appropriate age category). The ALJ appears to have made the same material error in Plaintiff's case, except that Plaintiff was only four months shy of the next age category when the ALJ issued his decision. *Compare* R. 18 (four months and four days), *with Byers*, 506 F. App'x at 791 (five-and-one-half months).

10

situation that impelled consideration of use of the Person Closely Approaching Advanced Age category. This determination is a necessary factual finding that the ALJ must make in the first instance and that the Court can review only for substantial support in the record. *See Daniels*, 154 F.3d at 1133-34, 1133 n.5. While longer age gaps may require no express analysis, courts confronting age gaps of a duration similar to this case have held that they constitute a "potential borderline situation" that an ALJ is required to expressly address. *See Byers*, 506 F. App'x at 791 (remanding where ALJ did not properly consider that claimant was five and one-half months short of the next age category); *see also Noteware*, 2011 WL 3651295, at *1, *5-6 (remanding where ALJ did not properly consider that claimant was four months short of the next age category). The ALJ erred by not expressly considering the potential borderline situation presented here.

Plaintiff also correctly notes—and the Commissioner does not dispute—that Grid Rule 201.12 would have directed a finding of "disabled" in Plaintiff's case had the ALJ applied the "closely approaching advanced age" category instead of the "younger individual age 45-49" category. Pl.'s Br. at 10; *see also* R. 18-19 (ALJ's other relevant findings); 20 C.F.R. pt. 404, subpt. P app. 2 § 201.21. Thus, this is not the "exceptional" case where it "may be appropriate" for the reviewing court "to supply a missing dispositive finding . . . based on material the ALJ did at least consider (just not properly)"; here, the undersigned cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (defining the harmless-error standard in administrative-review cases).

In sum, remand is required because "it is unclear whether the ALJ was even aware of the potential borderline situation in this case" and the Court "cannot tell whether the ALJ would have reached the same result by considering" application of a higher age category. *Byers*, 506 F. App'x at 791. "On remand, the adjudicator must evaluate the borderline age situation—by determining which of the categories on either side of the borderline best described [Plaintiff] at the time the borderline evaluation should have been made by the first adjudicator—and make findings susceptible to review." *Noteware*, 2011 WL 3651295, at *6.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned recommends that the Commissioner's final decision be REVERSED and the case REMANDED for further proceedings consistent with the fourth sentence of 42 U.S.C. § 405(g).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by August 30, 2016. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 16th day of August, 2016.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE